## FEIBELMAN *v.* PACKARD and Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF LOUISIANA.

Submitted November 8th, 1883.—Decided December 3d, 1883.

*Bankruptcy—Conflict of Laws—Removal of Causes.*

1. An action against a marshal of the United States for seizing a stock of goods more than $500 in value, under authority of a writ from a district court of the United States in proceedings in bankruptcy, the suit being on his official bond, and the sureties therein being joined as codefendants, is a suit of a civil nature arising under the Constitution and laws of the United States, which may be removed from the State courts to the federal courts.

2. A district court of the United States sitting in bankruptcy has jurisdiction to order the seizure and detention of goods, the property of the bankrupt, although in possession of another under claim of title. The officer, in a subsequent action against him for obedience to that order, may justify by proof that the title to the property at the time of seizure was in the bankrupt. If the local State laws are in conflict with this right, they will not be regarded as having any application to it. *Sharpe* v. *Doyle,* 102 U. S. 686, approved and followed.

Suit against a United States marshal and his sureties on his official bond to recover for an alleged illegal seizure of goods. The action was originally brought by Nathan Feibelman,

since deceased, and revived by his administrator, the plaintiff in error, by petition filed April 24th, 1873, in the Fourth District Court for the Parish of Orleans, in the State of Louisiana. Its object was to recover damages for unlawfully seizing and taking forcible possession of a stock of merchandise alleged by the plaintiff to have been his property and in his possession. The defendant Packard was alleged to be the marshal of the United States for the district of Louisiana, and the seizure and taking of the property is stated to have been under a claim of authority based upon a writ or warrant issued by the judge of the District Court of the United States for the District of Louisiana in certain proceedings in bankruptcy instituted in that court by D. Valentine and Co. as creditors against E. Dreyfuss & Co.; but it is averred that the writ did not justify the acts complained of. The other defendants below were sureties on the official bond of Packard as marshal, and by an amendment to the original petition it is alleged "that all the acts charged and complained of in said original petition by which the petitioners suffered the damages therein set forth were done by said Packard in his capacity of marshal aforesaid, and are breaches of the conditions of said bond, and give unto your petitioner this right of action on said bond against said marshal and his sureties."

On April 7th, 1865, the defendants filed in the State court their petition for the removal of the cause to the Circuit Court of the United States for that district, accompanied by a sufficient bond, conditioned according to law, upon the ground that the suit arose under a law of the United States, but the application was denied; and thereafter, on April 22d, 1875, they filed in the circuit court a petition for a writ of certiorari to remove the same into that court, which was granted. Thereafter the cause proceeded to final judgment in favor of the defendants in that court, and the plaintiff brought the cause here by writ of error.

The case was submitted for the plaintiff in error, and argued for the defendants.

*Mr. John Ray* for the plaintiff in error made the following

point on the laws of Louisiana as governing the case. The decisions of the Supreme Court of Louisiana have been uniform from the organization of that tribunal to its latest decision on that point, that a sale in fraud of creditors cannot be attacked by a seizure by the sheriff, under an execution against the debtor, of the property in the hands of a third possessor, as was attempted in this case. We refer the court to the following decisions on that point: *St. Avid* v. *Wermprender's Syndics*, 4 Martin (La.) 704; *Richards* v. *Nolan*, 7 Martin (La.), 534; *Peet* v. *Morgan*, 9 Martin (La.), 307; *Barbarin* v. *Saucier*, 8 Martin (La.), 561; *Crocker* v. *De Passan*, 3 La. 27; *Brunet* v. *Duvergis*, 3 La. 81, 124; *Weeks* v. *Flower*, 5 La. 237; *Keller* v. *Blanchard*, 19 La. Ann. 53; *Van Ostern* v. *Simmons*, 15 La. Ann. 302; *Schneider* v. *Dreyfus*, 21 La. Ann. 271; *Austin* v. *Da Rocha*, 23 La. Ann. 44; *Anderson* v. *Carroll*, 23 La. Ann. 175; *Doherty* v. *Leake*, 24 La. Ann. 224; *Choppin* v. *Blanc*, 25 La. Ann. 35; *McAdam* v. *Soria*, 31 La. Ann. 862. This is very direct in point.

*Mr. J. R. Beckwith* for the defendants in error.

Mr. JUSTICE MATTHEWS delivered the opinion of the court.

The action of the circuit court in the removal of the cause from the State court is assigned for error, and is first to be considered.

The suit was pending in the State court, but was not at issue when the removal act of March 3d, 1875, took effect, and the right of removal is regulated by its provisions.

The ground of the removal was that the suit, being one of a civil nature at law, in which the matter in dispute, exclusive of costs, exceeded five hundred dollars in value, arose under the Constitution and laws of the United States.

It is clear that the circuit court did not err in directing the removal of the suit from the State court; for, if we look at the nature of the plaintiff's cause of action and the grounds of the defence, as set forth in his petition, it is apparent that the suit arose under a law of the United States.

The action, as we have seen, was founded on the official bond

of Packard as marshal of the United States for that district, his sureties being joined as codefendants, and the acts complained of as illegal and injurious being charged to be breaches of its condition. The bond was required to be given by sec. 783, Rev. Stats., and sec. 784 expressly gives the right of action, as follows:

"In the case of a breach of the condition of a marshal's bond, any person thereby injured may institute, in his own name and for his sole use, a suit on said bond and thereupon recover such damages as shall be legally assessed, with costs of suit, for which execution may issue for him in due form. If such party fails to recover in the suit, judgment shall be rendered and execution may issue against him for costs in favor of the defendant; and the United States shall in no case be liable for the same."

Secs. 785 and 786 contain provisions regulating the suit, the latter prescribing the limitation of six years after the cause of action has accrued, after which no such suit shall be maintained, with the usual saving in behalf of persons under disabilities.

The counsel for plaintiff in error assumes in argument that the suit was to recover damages for alleged trespasses. It was plainly upon the bond itself, and therefore arose directly under the provisions of an act of Congress. *Gwin* v. *Breedlove*, 2 How. 29; *Gwin* v. *Barton*, 6 How. 7.

In *McKee* v. *Raines*, 10 Wall. 22, the removal, which was held to be unlawful, was made under the supposed authority of the act of March 3d, 1863, and that of April 9th, 1866.

After the removal of the cause, it was put at issue by the filing, on the part of the defendants, of an answer and amended answer. In these answers it was alleged that in a proceeding in bankruptcy against Dreyfus & Co., duly commenced in the district court for that district by David Valentine & Co., as creditors, an order was ma[le] directing "that the marshal take provisional possession of all the property of the said defendants, real and personal, belonging to the said firm of E. Dreyfus & Co., or the individual members thereof, and particularly the merchandise pretended to have been transferred to Moses Feibelman, at Delta, Louisiana, and all of the books of account, bank

books and papers of or relating to the business of said firm of E. Dreyfus & Co., and hold the same subject to the further orders of this court;" that a writ was issued in pursuance of that order to the defendant Packard, commanding him to execute said order, which is the writ mentioned in the plaintiff's petition; that, in obedience to the command of the said writ, the said marshal did take into his possession and custody the goods and property therein described and referred to, and none other; and that the said goods and property so taken and held are the same as those mentioned in the plaintiff's petition, the same having come into the possession of the plaintiff, in pursuance of a fraudulent conspiracy between the plaintiff and Moses Feibelman, and the members of the firm of E. Dreyfus & Co., the bankrupts, the object of which was to prevent the same from coming into the possession of the assignee in bankruptcy of said bankrupts, and so to cheat and defraud their creditors, the said goods and property being, when so seized, the property of said bankrupts, and not of the said Moses Feibelman, nor of the plaintiff, neither of whom were entitled to the possession of the same.

The plaintiff moved to strike from the answer the foregoing defence, which motion was overruled. This ruling of the court is assigned for error.

The ground on which this assignment of error is predicated is, that by the law of Louisiana a person in possession of personal property as owner, claiming title, cannot be disturbed in that possession by a seizure under judicial process running against another person; that a transfer in fraud of creditors cannot be attacked by a seizure by the marshal or sheriff, under an execution against the debtor, of the property in the hands of a third possessor; and that, consequently, in this suit, in which it was admitted that the goods had been taken out of the possession of the plaintiff, it was not competent to set up as a defence actual title in the bankrupts.

In support of this proposition, we are referred by counsel to various sections of the Revised Civil Code of Louisiana, and to numerous decisions thereon by the supreme court of that State; and the statement is made that the decision of this court in

*Hozey* v. *Buchanan*, 16 Pet. 215, which, it is admitted, is not reconcilable with the conclusion insisted upon, was made without the point having been or considered as to the law of Louisana, under which the case arose.

But it is entirely immaterial, in our view of the case, what the law of Louisiana upon the point is, for the reason that that law has no application to it. The question relates, not to any law of that State, but to a law of the United States, and is, whether under the bankrupt act of 1867, the District Court of the United States, sitting in bankruptcy, has jurisdiction to order the seizure and detention of goods, the property of the bankrupt, although in possession of another under claim of title, and whether, in a subsequent action against the officer for obedience to such an order, he may justify the seizure by proof that the title to the property was, at the time, in the bankrupt.

This was the very point decided by this court in *Sharpe* v. *Doyle*, 102 U. S. 686, a reference to which makes it unnecessary to repeat the grounds of the conclusion, that in such a case the defence here allowed, if established, should prevail.

All the other exceptions taken during the trial were directed to the admission of testimony in support of this defence, and are disposed of when the defence itself is adjudged to be valid.

There is, therefore, no error in the record, and

*The judgment is affirmed.*