## In re BROOKS.

(District Court, D. Vermont. December 24, 1898.)

**1. BANKRUPTCY—JURISDICTION—RECOVERY OF PROPERTY OF BANKRUPT.**
A court of bankruptcy has jurisdiction of a petition by a trustee in bankruptcy for an order directing the restoration to him of property of the bankrupt unlawfully sold on foreclosure of a chattel mortgage after the adjudication in bankruptcy, and before the appointment of the trustee, and without leave of the court of bankruptcy.

**2. SAME—MORTGAGEE OF BANKRUPT—RIGHT TO FORECLOSE.**
The holder of a chattel mortgage, having notice of proceedings in bankruptcy against the mortgagor, has no right, after the adjudication and before the appointment of a trustee, and without leave of the bankruptcy court, to sell the property of the bankrupt on foreclosure of his mortgage, where the proceedings on foreclosure were not such as to bring the res within the jurisdiction of a state court, and there was no exclusive possession of the property, before the adjudication, by the officer making the sale. A sale so made is unlawful and void, and passes no title.

**3. SAME—ILLEGAL FORECLOSURE—RECOVERY OF PROPERTY BY TRUSTEE.**
Where the holder of a chattel mortgage on property of the bankrupt had unlawfully caused a sale of the same to be made for the satisfaction of his mortgage, after the adjudication in bankruptcy and before the appointment of a trustee, and had bid in the greater part of it himself, *held*, on petition of the trustee subsequently appointed, that he should be ordered forthwith to restore to such trustee so much of the property as yet remained in his control, and to account for the value of the remainder, such value to be ascertained and reported by the referee, with leave to the trustee to move for a warrant directing the marshal to bring in the property, if not returned as ordered.

In Bankruptcy.

On petition by a trustee in bankruptcy for the restoration to him of property of the bankrupt previously sold on foreclosure of chattel mortgages and held by the petitionee.

Bates, May & Simonds, for petitioner.
Dunnett & Slack, for petitionee.

WHEELER, District Judge. The bankrupt had a tailoring establishment, with a stock of goods, tools, and fixtures, in St. Johnsbury, on which, at the time of adjudication, the petitionee held chattel mortgages, with conditions broken over 30 days, that were in the hands of the constable, who had locked the property up in a room on the bankrupt's premises, and taken the key. They were notified of the proceedings, but before there was any trustee, and against objections of those interested, the constable sold the property at auction on the mortgages at about half its value, most of which was bid off by the petitionee and bidders acting for him, and is now held by him against demand for its return by the trustee. This petition was brought to compel return. It was referred to one of the referees for a finding of the facts, which appear from his report made after hearing on notice and attendance.

Objection is made that this court has no jurisdiction of this matter by this proceeding, because suits by the trustee are required to be brought where the bankrupt could bring them "if proceedings in bankruptcy had not been instituted." Bankruptcy Act 1898, § 23a. This,

however, is not any such proceeding as the bankrupt could have brought if there had been no bankruptcy proceedings. It is founded upon them, and is a part of them. Rights of action accrued to the bankrupt from property pass to the trustee, as to which he becomes a new party, but in the same forum; and mere rights of action might accrue to the trustee from his course of administration, to which that provision might apply. But the assets of the bankrupt are brought by the proceedings within the reach and control, and subject to the orders, of the court, and no one has any right to remove or meddle with them, but for their preservation, without leave of the court, except the trustee. Bank v. Sherman, 101 U. S. 403; Sharpe v. Doyle, 102 U. S. 686; Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289. In Bank v. Sherman, Mr. Justice Swayne, for the court, said: "The filing of the petition was a caveat to all the world. It was, in effect, an attachment and injunction." This proceeding is for the vindication of the control of the property by the court, and the reference was for a report upon the specified issue involved, as provided for in section 22.

The petitionee sets up proceedings under the laws of the state for foreclosure of his mortgages in justification. These are not judicial proceedings in any court drawing to it jurisdiction of the subject-matter, but are merely proceedings for a public sale by an officer, in a specified way, as agent for the mortgagee. V. S. § 2265. The mortgagor has a right to redeem, which continues all the way to the time of sale (section 2264), of which he, and those claiming under him, are entitled to notice (section 2266). After the filing of the petition, there was no one to act upon a notice, or to whom notice could properly be given, until there should be a trustee; and the petitionee could not lawfully proceed according to the provisions of the statutes of the state, nor without leave of the court having jurisdiction and control of the property. Such taking away of the property is not only an unlawful interference with the jurisdiction of the court, but the receiving of "any material amount of property from a bankrupt after the filing of the petition, with intent to defeat this act," is made highly penal. Section 29b. That an officer having exclusive possession of property of a bankrupt could not lawfully proceed after bankruptcy proceedings, with notice, was treated as unquestionable in Connor v. Long, 104 U. S. 228; although that he might proceed notwithstanding such proceedings in another state, without notice, was, after much consideration, held. Here the possession of the officer was not exclusive. It was on the premises of the bankrupt, where the officer had no right superior to that of the bankrupt (Slate v. Barker, 26 Vt. 647); and here the petitionee, under whom the officer acted, as is found, had notice. In any view, the sales after the bankruptcy proceedings were unlawful and void, and conveyed no title. The value of the property was to be determined by converting the same into money, in some of various ways, "as the court may direct." Section 57h. This should be done now, and the property be forthwith returned for that purpose, or substantial rights of the creditors may be lost. If any has passed beyond reach of the petitionee, the value of that should be accounted for, to be determined by further proceedings be-

fore the referee. If not returned, a provisional warrant may issue to the marshal for bringing it, on motion of the trustee. And the petitionee should pay the costs of this proceeding.

Let the property in control of the petitionee be returned within five days, and the value of the rest be reported by the referee, with leave to move for warrant on failure to so return, with costs.