In re YOUNG.

(Circuit Court of Appeals, Eighth Circuit. September 9, 1901.)

No. 25.

BANKRUPTCY—PROPERTY TAKEN ON ORDER OF SEIZURE—MOTION FOR RETURN.
    Where a marshal, under an order of seizure issued to him by a court of bankruptcy under Bankr. Act 1898, § 2, cl. 3, took property which he found in the bankrupt's possession, and which was surrendered to him by the bankrupt as his own, the court did not commit error in refusing, on a mere motion, to order such property returned to a mortgagee upon his claim that he was legally in possession under his mortgage when it was seized, the validity of his mortgage being denied by creditors, but the court acted within its discretion in requiring the claimant to assert his rights by plenary action, in which they could be more properly tried and determined.

Petition for Review of Order of the District Court of the United States for the Western District of Arkansas, in Bankruptcy.

Homer C. Mechem and Edgar E. Bryant, for petitioner.
Ben T. Du Val, for respondent.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge. This is an original petition addressed to this court for the purpose of obtaining a review of an order made in a bankruptcy proceeding by the United States district court for the Western district of Arkansas. The opinion of the district judge on which the order in question was based is reported in 106 Fed. 873. The petition for review discloses the following facts: John D. Bender was adjudged a bankrupt on March 12, 1901, under an involuntary petition which was filed on February 2, 1901. Previous to the institution of bankruptcy proceedings, and on or about October 8, 1900, Bender had executed mortgages upon his property, and had placed the same of record, which, as his creditors claimed, were fraudulent and operated as a preference, he being at the time insolvent. On March 12, 1901, certain affidavits were filed in behalf of the bankrupt's creditors, which charged, in substance, that the bankrupt was neglecting his property, and that it was liable to be disposed of improperly unless a warrant was issued to the marshal requiring him to take immediate possession of all of his property. In view of the representations so made, a warrant of seizure

was issued to the marshal, in obedience to which the marshal went to a saloon which was at the time in the actual possession of the bankrupt, and on exhibiting his warrant the possession of the saloon and its contents was surrendered to him by the bankrupt without protest. Subsequently D. J. Young, the petitioner, appeared in the district court and moved that the marshal be required to surrender to him the possession of the saloon and its contents. In support of this motion he exhibited a mortgage which had been executed in his favor by the bankrupt on September 18, 1900. He claimed that at the time the saloon was seized by the marshal the bankrupt was in possession thereof merely as the petitioner's agent, and under an arrangement existing between them whereby the bankrupt accounted to the petitioner for the daily sales made at the saloon. This motion was resisted by the bankrupt's creditors. They alleged, and the district court so found, that when the marshal exhibited the warrant to the bankrupt the latter surrendered the possession of the saloon without protest, and did not even advise the officer that he was holding the property as Young's agent. They further charged that the mortgage under which the petitioner claimed had been concocted by the bankrupt and the petitioner for the purpose of hindering, delaying, and defrauding the bankrupt's creditors, and that it was also voidable under the provisions of the bankrupt law, as an unlawful preference. After a hearing had upon the motion the same was overruled by the district court, but without prejudice to the petitioner's right to bring a plenary action for the recovery of the property in any court of competent jurisdiction. This order is said to have been erroneous, in that the motion should have been sustained, and in that the district court should have ordered the marshal to relinquish the possession of the saloon and its contents to the petitioner without forcing him to bring a plenary action for the recovery of the property.

In the case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, which was recently decided by the supreme court, it was held that clause 3 of section 2 of the bankrupt act vests courts of bankruptcy with authority after the filing of a petition in bankruptcy, and also after an adjudication in bankruptcy, but before the trustee has qualified, to appoint a receiver or the marshal to take charge of the property of the bankrupt when it is deemed absolutely necessary to do so for the preservation of his estate. In the same case it was also decided that a warrant issued to the marshal under such circumstances authorizes that officer to take possession of the property of the bankrupt in the hands of third persons who claim title thereto, and in that behalf certain observations of Mr. Justice Miller in Sharp v. Doyle, 102 U. S. 686, 689, 690, 26 L. Ed. 277, showing the necessity which exists in certain cases for the exercise of such a power, were quoted with approval. Reference was also made with approval to the decision in Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289, 27 L. Ed. 984, wherein it was held that a district court of the United States sitting in bankruptcy has jurisdiction to seize goods that are the property of the bankrupt, although they are in the possession of another person under a claim of title,

and that, if the officer is sued by such third party for the seizure of the property, he may justify his conduct by proof that the title to the property was vested in the bankrupt, and that any local law in conflict with the exercise of such right will not be regarded as having any application to seizures made under the bankrupt law. In the same case the court also took occasion to observe that the statement contained in its previous decision in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, to the effect that the marshal could not forcibly seize property of a bankrupt in the possession of an adverse claimant, although acting under a writ issued pursuant to clause 3 of section 2 of the bankrupt act, was an inadvertence and purely obiter.

It follows, therefore, that on the showing made by the creditors of Bender the district court properly issued an order directing the marshal to take possession of all his property and effects, and that under that order the marshal had the right to take possession of such property, although it was found in the custody of third parties, and was claimed adversely by them. The decision in Bryan v. Bernheimer, supra, seems to answer all of the contentions on the part of the petitioner. The marshal had a valid warrant for the seizure of all the bankrupt's property of every kind and description. He found the saloon and its contents in the actual possession of the bankrupt, and was not advised that the bankrupt claimed to be in possession as a bailee or agent for the petitioner. When this latter fact was averred by Young in support of his motion for a restoration of the property, it was met by a counter averment on the part of the bankrupt's creditors to the effect that the mortgage under which the petitioner claimed title to the property was fraudulent and void, that the saloon and its contents in reality formed a part of the bankrupt's estate, that it was rightfully held by the marshal, and that the possession thereof ought not to be surrendered to the petitioner. The order of the district court which we are asked to review was in effect a refusal to try the issues thus raised upon a mere motion. Inasmuch as the marshal had the right to seize the saloon and its contents, although it was held adversely by the petitioner, if it was in fact and in law the bankrupt's property, the district court could not grant the motion and order a surrender of the property without hearing such evidence as the bankrupt's creditors might produce, and deciding whether the property formed a part of the bankrupt's estate. It declined to do this upon a mere motion, and remitted the petitioner to his action at law in any court of competent jurisdiction, or to an intervention in the bankruptcy proceeding, where the issues involved could be more formally presented and determined. It is manifest, therefore, that the order made below was not an erroneous order which this court should disturb, unless it be true that the petitioner had the right to have the controversy between himself and the bankrupt's creditors touching the ownership of the saloon determined on a mere motion. He was denied no other right, since the order made below leaves him at full liberty to assert his title to the property in controversy in any other appropriate form of proceeding. We are unable to hold that the peti-

tioner is entitled to have his right to the property adjudicated upon a mere motion, but are of opinion that in the exercise of its discretion the district court had the power to require the petitioner to assert his title to the property by a plenary action or by an intervention. It is true that it is the duty of all courts to see that such process as they may issue directing the seizure of property is not abused or so executed as to needlessly oppress or injure third persons who are strangers to the litigation. Ordinarily they should act with as much expedition as possible when complaint is made that under color of process the rights of third parties have been invaded. Gumbel v. Pitkin, 124 U. S. 131, 145, 146, 8 Sup. Ct. 379, 31 L. Ed. 374; Boltz v. Eagon (C. C.) 34 Fed. 445, 447. But the obligation to grant relief for an alleged abuse of its process is not so imperative as to require a court to hear and decide on a mere motion whether its officer has acted wrongfully, in every case when it is suggested that he has seized property that was not within the terms of his warrant. When third parties claim title to property that has been seized by the marshal under a warrant, as forming part of a bankrupt's estate, it will sometimes be found most convenient to settle the controversy summarily on a mere motion filed in the bankruptcy proceedings; but in other cases, where the claimant's right depends upon a decision of contested issues of fact or disputable questions of law, it will doubtless be found most expedient to require the controversy to be determined by a plenary action either in the bankruptcy court or in some other court of competent jurisdiction. As such controversies arise, the bankruptcy courts can best determine how the issues involved can be tried with least delay, inconvenience, and expense, and with the greatest assurance of reaching a correct result. They should accordingly be allowed to direct the course of procedure in such cases, and orders made in that behalf should not be disturbed unless the case discloses a clear abuse of this discretionary power. In view of the charge made by the bankrupt's creditors in the case in hand that the mortgage under which the petitioner claimed was fraudulent in fact as well as voidable under the provisions of the bankrupt act, we are satisfied that the order made by the learned district judge declining to dispose of these issues on a mere motion, and requiring them to be tried and determined in a plenary action or by an intervention, was a reasonable and proper order.

The petition to obtain a review and a nullification of that order is accordingly dismissed at the costs of the petitioner.