### In re SMITH. .

#### (District Court, N. D. Georgia. February 10, 1902.)

#### No. 806.

BANKRUPTCY—INVOLUNTARY PETITION—ADVERSE CLAIMANT OF PROPERTY—RESTRAINT—POWER OF COURT.

Where property, claimed to belong to one against whom an involuntary petition in bankruptcy is filed, is also claimed by a third person, who is about to remove it, the court, on petition of the creditors, will restrain such third person from removing such property or making any change therein.

In Bankruptcy.

Slaton & Phillips, for petitioning creditors.
Julius L. Brown, for J. W. Dunford.
John Clay Smith, for bankrupt.

NEWMAN, District Judge. As this case now stands, the petitioning creditors ask the court to issue a restraining order to prevent J. W. Dunford from removing or changing in any way the present condition of the fixtures in the premises at No. 79 South Broad street, Atlanta, Ga. The power of the court with reference to property which is claimed to be a part of the assets of the bankrupt is fully determined in Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. In the opinion by the court it is said:

"If the bankrupt does not voluntarily aid the court, or is inclined to defeat the proceedings, he can, with the aid of friends or irresponsible persons, sell his movable property, and put the money in his pocket, or secrete his goods or remove them beyond the reach of his assignee or the process of the court, and defy the law. The evidence in this case shows the manner in which this can be done. It was the purpose of the act of congress to prevent this evil. It therefore provides that, as soon as the petition in bank-

ruptcy is filed, the court may issue to the marshal a provisional warrant directing him to take possession of the property and effects of the bankrupt, and hold them subject to the further order of the court. To have limited this right or duty of seizure to such property as he might find in the actual possession of the bankrupt would have manifestly defeated in many instances the purposes of the writ. There is therefore no such limitation expressed or implied. As in the writ of attachment, or the ordinary execution on a judgment for the recovery of money, the officer is authorized to seize the property of the defendant, wherever found, so here it is made his duty to take into his possession the property of the bankrupt wherever he may find it. It is made his duty to collect and hold possession until the assignee is appointed or the property is released by some order of the court, and he would ill perform that duty if he should accept the statement of every man in whose custody he found the property which he believed would belong to the assignee, when appointed, as a sufficient reason for failing to take possession of it. Sharpe v. Doyle, 102 U. S. 686, 689, 690, 26 L. Ed. 277. A like decision was made in Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289, 27 L. Ed. 984."

There can be no question of the power of the court between the time an involuntary petition in bankruptcy is filed and the selection of a trustee to make proper orders to protect and guard the bankrupt's estate for the benefit of creditors, as may be proper and right under the facts presented. Of course, the court will not unduly interfere with property claimed by third persons, and will not interfere at all with bona fide sales for fair consideration, and which are not obnoxious to the provisions of the bankruptcy act.

In this case it is sufficient to say that the facts are such as to make it proper for the court to maintain the existing status until a trustee in bankruptcy can be selected, and can take such steps as may be proper in the interest of the creditors of the alleged bankrupt.

It is ordered, therefore, that J. W. Dunford be restrained from removing any of the fixtures from the premises described, from encumbering the same, or from making any change whatever in the present status, so far as the fixtures in said room are concerned.