## In re CUSTOM SHOP, Inc.

District Court, S. D. New York.
July 21, 1932.

David H. Sloane, of New York City, for petitioner to review.

Irving J. Kirschenbaum, of New York City (Bernard A. Grossman, of New York City, of counsel), for receiver.

WOOLSEY, District Judge.

This petition to review is dismissed, and the order of the referee is affirmed.

■■ If the claim of Karmin to the moneys here in dispute were colorable merely, there would not be any question but that the referee, pending the exercise of summary jurisdiction, would have the right to enjoin any disposition of said moneys under the familiar theory of maintaining the status quo by an injunction pendente lite.

It is only because the claim of Karmin to the moneys herein involved is not held to be colorable merely, but to be presumably adverse, that Karmin's counsel here has any arguable thesis. His argument summarized is: That as this is a case for a plenary suit of which the referee would not have jurisdiction, he is issuing, in effect, an injunction in a lis pending outside the bankruptcy court.

The answer to this prima facie plausible argument is that the exigencies of bankruptcy proceedings require the maintenance of the status quo in regard to the bankrupt's estate for the benefit of all its creditors. Consequently very drastic forms of interlocutory relief are countenanced by the court under its general equity powers. Cf. Bankr. Act § 2 (15), 11 USCA § 11 (15); Bryan v. Bernheimer, 181 U. S. 188, 195–197, 21 S. Ct. 557, 45 L. Ed. 814; Feibelman v. Packard, 109 U. S. 421, 426, 3 S. Ct. 289, 27 L. Ed. 984; Sharpe v. Doyle, 102 U. S. 686, 689, 690, 26 L. Ed. 277. Among these forms of interlocutory relief the injunctive relief given by the referee here is appropriate and approved. Cf. In re Mitchell (C. C. A.) 278 F. 707, 709; In re Norris (D. C.) 177 F. 598, 599; In re Blake (D. C.) 171 F. 298, 299.

Settle order on notice.