## CHASKIN v. THOMPSON.
### No. 10639.

Circuit Court of Appeals, Ninth Circuit.
June 22, 1944.

G. V. Weikert, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James L. Crawford and Wm. W. Worthington, Asst. U. S. Attys., both of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Alexander Chaskin, doing business as Chaskin Citrus Company, filed a complaint for damages in the state court against Howard W. Thompson. Thompson filed a general demurrer in the state court and also made a motion therein to remove the action to the federal district court. The demurrer was overruled and the motion was denied. He then filed in the district court a transcript of the proceedings whereupon Chaskin made, in that court, his motion to remand to the state court, which motion was denied. Findings of fact and conclusions were made and entered, and a permanent injunction was issued enjoining Chaskin, his agents and attorneys from further action in the state court in relation to the proceeding. Chaskin appeals.

The complaint alleges that appellant is in the business of buying and selling California-grown citrus fruits, that on or about August 2, 1943, he had contracts, agreements and business relations with numerous packers and brokers of citrus fruits in California which would have netted him substantial profits; that on or about that date and thereafter appellee, knowing of such contracts, et cetera, "wrongfully, unlawfully and intentionally solicited said packers and brokers to breach said contracts and agreements with plaintiff, and to terminate their said business relations with him, and wrongfully, unlawfully, and intentionally interfered with plaintiff's said business, and with plaintiff's rights under said contracts, agreements and business relations * * *."

Paragraph VI of the complaint follows these allegations, and we quote it in full.

"That defendant called upon and communicated with said packers and brokers and sought to induce and coerce them to breach their then existing contractual and business relations with plaintiff, by falsely, fraudulently and maliciously stating and representing to such packers and brokers that as an employee of the United States Department of Agriculture he had the lawful power and authority to cause them, and each of them, to suffer great loss, injury and damage by causing priorities for farming and packing equipment, machinery, and supplies to be withheld from and denied to them, and by causing their gasoline rations to be curtailed and restricted, and by causing suits and proceedings to be brought against them for various penalties and forfeitures, whenever he chose so to do, and by stating, representing and threatening that he would exercise such pretended power and authority against them unless they breached their said contracts and agreements with plaintiff, and terminated their said business relations with plaintiff, and refrained from selling to plaintiff or procuring for him any oranges whatever."

It is further alleged in the complaint:

"That all of the foregoing was done by defendant for the purpose and with the intention of preventing plaintiff from obtaining supplies of oranges to fill the orders of plaintiff's customers and of injuring and damaging plaintiff's said business."

Paragraph VIII of the complaint alleges that by reason of the wrongful acts set out in the quoted paragraph VI of the complaint, the injuries therein threatened were brought about by defendant-appellee, and "* * * that by reason thereof plaintiff was unable to fill his customers' orders for said oranges, and plaintiff lost said business and the profits * * *, and the good will attaching to plaintiff's said business," all to plaintiff's damage exceeding $3,000 in amount. A subsequent paragraph alleges that these acts were done "wrongfully, fraudulently, and maliciously."

Appellant contends that the action is against appellee in his own individual capacity, but appellee contends, and

the district court agreed with him, that the complaint is laid against appellee in his capacity of an employee of the United States Department of Agriculture and that this fact brings the case within the exclusive jurisdiction of the district court. The district court in its findings of fact quotes the paragraph VI of plaintiff's complaint hereinbefore set out and without more concludes " * * * That it [the district court] has jurisdiction over all the parties and subject matter."

The district court was mistaken. The complaint is drawn as an ordinary action in tort, the subject matter and the parties falling solely within the jurisdiction of the state court unless there is diversity of citizenship or unless the action arises under the Constitution and laws of the United States. Since diversity is not in the case, the question here turns upon whether or not the cause arises under the Constitution or laws of the United States.

It is said in Tennessee v. Union & Planters Bank, 152 U.S. 454, 459, 14 S.Ct. 654, 656, 38 L.Ed. 511 (a landmark case of authority): "The earliest act of congress which conferred on the circuit courts [trial court] of the United States general jurisdiction of suits of a civil nature, at common law or in equity, 'arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority,' was the act of March 3, 1875, c. 137, (18 Stat. 470). Under section 1 of that act, providing that those courts should have original cognizance of such suits when the matter in dispute exceeded the sum or value of $500.00 [now $3,000] their jurisdiction was exercised in cases in which the plaintiff's statement of his cause of action showed that he relied on some right under the constitution or laws of the United States. Feibelman v. Packard, 109 U.S. 421, 3 S.Ct. 289 [27 L.Ed. 984]; Kansas Pacific Railroad v. Atchison &c. Railroad, 112 U.S. 414, 5 S.Ct. 208, [28 L.Ed. 794]; New Orleans v. Houston, 119 U.S. 265, 7 S.Ct. 198, [30 L.Ed. 411]; Bachrack v. Norton, 132 U.S. 337, 10 S. Ct. 106 [33 L.Ed. 377]; Cooke v. Avery, 147 U.S. 375, 13 S.Ct. 340 [37 L.Ed. 209]."

The court goes on to state that under section 2 of the act, as it then stood, either party to the action might have the cause removed to a federal court when it was shown by the record that the action arose under the Constitution or laws or treaties of the United States. The court added,

in an action originally brought in the federal court, the showing that the action does arise under the Constitution or laws of the United States must be made from the plaintiff's own statement of his claim. The court, page 461 of 152 U.S., at page 656 of 14 S.Ct., 34 L.Ed. 511, cited and quoted extensively from Metcalf v. Watertown, 128 U.S. 586, 589, 9 S.Ct. 173, 32 L.Ed. 543, to the effect that if, in a suit begun in federal court, it does not appear from the complaint at the time the court's jurisdiction is invoked that the claim depends upon a federal question, the court must dismiss, "just as it would remand to the state court a suit which the record, at the time of removal, failed to show was within the jurisdiction of the circuit court [federal trial court]. It cannot retain it in order to see whether the defendant may not raise some question of a federal nature upon which the right of recovery will finally depend; * * *."

The same rule applies to the acts of 1887 and 1888, but by section 2 thereof motions for removals from state courts can be made only by defendants, and only as to suits which the plaintiff might have brought in federal court under section 1. 24 Stat. 553, 25 Stat. 434.

In Mountain View Min. & Mill. Co. v. McFadden, 180 U.S. 533, 21 S.Ct. 488, 45 L.Ed. 656, the court was considering a case filed in state court and removed to federal court upon motion of the defendant "but not on the ground of diverse citizenship." The suit, as the complaint disclosed, was of a civil nature wherein the plaintiffs, having filed a protest and adverse claim against the application for a patent on a lode mining claim made by the Mountain View Mining & Milling Company in the United States Land Office, went to the court "in aid of their said adverse claim, and to determine the right of possession." After removal to federal court the plaintiffs moved to remand, and the motion was denied. The Supreme Court reversed, saying, "But the jurisdiction of the circuit court [federal trial court] on removal depended on plaintiffs' statement of their own claim [see Rubens v. Bowers, 9 Cir., 136 F.2d 887-889 (1-4)], and that [statement] only disclosed an action brought in support of an adverse mining claim." The court, 180 U.S. at page 534, 21 S.Ct. at page 488, 45 L.Ed. 656, then cited cases to the effect that such a suit "was not a suit arising under the laws

of the United States in such a sense as to confer jurisdiction on the Federal court regardless of the citizenship of the parties." The celebrated case of State of Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870, affirmed this principle and ordered the case sent back to the state court from which it had been removed notwithstanding the allegations in the complaint to the effect that an act of Congress was involved in the action. The court held that the real gravamen of the action was one cognizable by a state court under state law. Leaver v. Parker, 9 Cir., 121 F.2d 738(2).

In American Well Works v. Layne, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987, a removal case, the plaintiff in its complaint alleged: That it owns, manufactures and sells a certain pump and has applied for a patent on it; that defendants have falsely and maliciously libeled and slandered plaintiff's title to the pump in regard to infringements; that it be awarded damages. The court, Mr. Justice Holmes writing the opinion, held that the action was one for the state courts notwithstanding the subject of federal patent was incidentally involved. See Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713.

In Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, the court was considering a case which was begun in state court and removed to federal court upon motion of respondent (defendant) upon the ground that it arose under the Constitution or laws of the United States (Jud.Code § 28, 28 U.S.C.A. § 71. Cf. Jud.Code § 24(1) (a), 28 U.S.C.A. § 41). The motion was granted, and federal trial court subsequently denied remand. The action was for unpaid state taxes on national bank shares. The circuit court of appeals sustained the federal jurisdiction, 299 U.S. at page 112, 57 S.Ct. at page 97, 81 L.Ed. 70, "upon the ground that the power [of the state] to lay a tax upon the shares of national banks has its origin and measure in the provisions of a federal statute [citation], and that by necessary implication a plaintiff counts upon the statute in suing for the tax." The Supreme Court then discusses the question "how and when a case arises 'under the Constitution or laws of the United States'" and, referring directly to the case before it, says, 299 U.S. at page 115, 57 S.Ct. at page 98, 81 L.Ed. 70: "The obligation of the contract [the tax levy] being a creation of the state, the question remains whether the plaintiff counts upon a federal right in support of his claim that the contract has been broken. The performance owing by the defendant was payment of the valid debts, and taxes are not valid debts unless lawfully imposed. From this defendant argues that a federal controversy exists, the tax being laid upon a national bank or upon the shareholders therein, and for that reason being void unless permitted by the federal law. * * * That there is a federal law permitting such taxation does not change the basis of the suit, which is still the statute of the state, though the federal law is evidence to prove the statute valid." And again on page 117 of 299 U.S., on page 99 of 57 S.Ct., 81 L.Ed. 70, the court says: "* * * The most one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states."

To the same effect is Walker v. Collins, 167 U.S. 57, 17 S.Ct. 738, 42 L.Ed. 76, wherein the action removed from state court to federal court was unsuccessfully sought to be remanded to the state court. The action was brought against the United States' marshal for damages for unlawful seizure of property. It was claimed that the federal court had jurisdiction because the case involved acts within the marshal's duties. The Supreme Court, however, held in effect that if the marshal unlawfully seized property, he was answerable under the state law in the state courts. See Marshall v. Desert Properties Co., 9 Cir., 103 F.2d 551, 552(5).

It is said In re Winn, 213 U.S. 458, 465, 29 S.Ct. 515, 516, 53 L.Ed. 873, "* * * a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough, * * * that it appears that the defendant may find in the Constitution or laws of the United States some ground of defense."

It seems clear that appellant in his complaint relies wholly upon his state tort action, plainly alleging that everything

complained of was the act of the individual. The pleader alleges that the defendant-appellee acted unlawfully, wrongfully, intentionally and maliciously, and that he well knew that he had no lawful right to do as he is alleged to have done. The mere allegation in the complaint that defendant represented to the dealers that he was acting as an agent of a department of the government does not constitute the action one under the Constitution or laws of the United States. And, as has been seen by the authorities above quoted and cited, since the complaint does not lay the jurisdiction in federal court, such jurisdiction cannot be created by subsequent pleading or proof.

Reversed with instruction to the district court to remand the cause to the state court.