[No. 1097, June 29, 1906.]

FIRST NATIONAL BANK OF ALBUQUERQUE, Appellee, v. GEORGE F. ALBRIGHT, et al., Appellants.

### SYLLABUS.

1. Assessments of capital stock of a National Banking Association must be made against each individual shareholder and not as a whole against the bank.

2. Real estate owned by a National Banking Association, must be assessed against the bank, but it must not

be. assessed at a higher percentage than other real estate of the same class and character situated in the county and municipality where the tax is sought to be levied.

3. In the case at bar, it was error to restrain the assessor and collector of Bernalillo county, from making any new and additional assessment of the capital stock and property of the bank, for until the assessment is made and a tax levied thereon, no one is injured and suit will not lie; and until the assessment is made, it cannot be determined whether or not it is a proper one.

Appeal from the district court of Bernalillo county before Ira A. Abbott, Associate Justice. Affirmed.

G. W. Prichard, Attorney General and F. W. Clancy, for appellants.

Plaintiff's return was insufficient as a basis of assessment.

Bank v. Bailey, 39 Pac. 84.

The Albright assessment was not valid.

Owensboro Bank v. Owensboro, 173 U. S. 680; National Bank v. Stone, 174 U. S. 434.

There being no valid assessment, it is the duty of the assessor or collector to make one.

New Mexico v. U. S. Trust Co., 174 U. S. 549-51; U. S. Trust Co. v. New Mexico, 183 U. S. 539; U. S. Trust Co. v. Territory, 10 N. M. 421-2; Bank v. Commonwealth, 9 Wall. 359-60; Bank v. Commonwealth, 167 U. S. 465; Bank v. Perea, 147 U. S. 88, 89.

The mere fact that other property is assessed at a smaller percentage of its real value than the property of this plaintiff or any other special class of property, is not sufficient to invalidate the higher assessment.

Nickerson v. Kimball, 1 N. B. C. 409; Wagner v. Loomis, 37 Ohio St. 580-1; Carroll v. Alsup, 64 S. W. Rep. 199-200.

Moneyed capital in New Mexico, whether invested in national bank shares, or otherwise, is treated uniformly and equally by the territorial board of equalization and by the assessing officers.

Talbot v. Silver Bow, 139 U. S. 447; Pelton v. Banks, 101 U. S. 146; Davidson v. New Orleans, 96 U. S. 106; Tennessee v. Whitworth, 117 U. S. 136-7; Bany v. Owensboro, 173 U. S. 676, et seq.

A "tax on the shares is not a tax on the capital of the bank."

Bank Tax Cases, 3 Wall. 582-3-4; Palmer v. McMahon, 133 U. S., and cases cited, 666-7.

The law does not require all property to be assessed upon a uniform basis.

State Railroad Cases, 92 U. S. 612.

McMILLEN & RAYNOLDS, for appellees.

Taxation of federal agencies.

McCullough v. State of Maryland, et al. 4th Wheaton 316; Osborn v. Bank of United States, 9 Wheaton 738; Mercantile Bank v. New York, 121 U. S. 156; Owensborough National Bank v. Owensborough, 173 U. S. 664.

The owner or holder of stock in any firm or corporation, the entire capital or property of which is assessed, must not be assessed individually for such stock."

City National Bank v. Paducah, First Nat. Bank, Cas. 300; County Commissioners v. Farmers & Mechanics Bank, 48 Maryland, 117; New Haven v. City Bank, 31 Conn. 106; Nicholls v. N. H. & M. Co., 42 Conn. 103; People v. Tax Commissioners, 69 N. Y. 91; Citizens' National Bank v. Lofton, 85 Ind. 341; Commissioners v. Bank, 57 N. E. Rep. Ind. 728; Commissioners v. Faribault, 23 Minn. 280; Lackawanna v. National Bank, 94 Pa. 221.

Equality of taxation as to other moneyed capital.

Mercantile National Bank v. N. Y., 121 U. S. 157; See also, National Bank of Garnet v. Heirs, 160 U. S. 660; Talbot v. Silver Bow County, 139 U. S. 438; First National

Bank v. Albright.

Bank v. Chapman, 173 U. S. 205; Aberdeen County v. Chehallis County, 166 U. S. 440; Bank of Commerce v. Seattle, 166 U. S. 463; Commercial Bank v. Chambers, 182 U. S. 556; Pelton v. National Bank, 101 U. S. 143.

Equality of taxation under federal constitution.

County of San Mateo v. Sou. Pac. Ry. Co., 13 Fed. Rep. 722-733; County of Santa Clara v. Sou. Pac. Ry. Co., 18 Fed. Rep. 385-397; Opinion of Justice Field, San Bernardino County v. S. P. R. R. Co., 118 U. S. p. 422; Nashville, etc., R. R. Co. v. Taylor, 86 Fed. Rep. 168; Cummings v. National Bank, 101 U. S. 153; Louisville Trust Co. v. Stone, 107 Fed. 305, 46 C. C. A. 299.

Equality of taxation requires equality of valuation, as well as in rate of taxation.

People v. Weaver, 100 U. S. 539-545; Boyer v. Boyer, 113 U. S. 695.

RELIEF BY INJUNCTION.

When a rule or system of valuation is adopted by those whose duty it is to make the assessment, which is designed to operate unequally and to violate a fundamental principle of the constitution, and when this rule is applied not solely to one individual, but to a large class of individuals or corporations, equity may properly interfere to restrain the operation of this unconstitutional exercise of power.

Pelton v. National Bank, 101 U. S. 143; Cummings v. National Bank, 101 U. S. 153; Hills v. Exchange Bank, 105 U. S. 319; San Francisco National Bank v. Dodge, 197 U. S. 75; Stanley v. Supervisors of Albany, 121 U. S. 550; U. P. Ry. v. Cheyenne, 113 U. S. 516; Supervisors v. Stanley, 105 U. S. 305; Evansville Bank v. Briton, 105 U. S. 322; 5 Pomeroy's Eq. Jus. Sec. 371; Louisville Trust Co. v. Stone, 107 Fed. 305, 46 C. C. A. 299; Taylor v. Louisville N. R. Co. 88 Fed. 350, 31 C. C. A. 537.

### STATEMENT OF FACTS.

The First National Bank of Albuquerque is a corporation organized under the national banking act, and does a banking business in the city of Albuquerque.

At the time referred to in the complaint, George F. Albright, was the assessor and Frank A. Hubbell, was treasurer and ex-officio collector of Bernalillo county, in which county Albuquerque is situated, and Frank W. Clancy, was district attorney of the second judicial district.

In April, 1903, the First National Bank of Albuquerque made a return of its property for purposes of taxation for that year, fixing a total valuation thereon of ninety thousand dollars.

On June 2nd, 1903, Albright under the direction of the county commissioners raised and changed the assessment returned by the bank, so as to assess the capital stock, surplus and real estate separately. Neither the return made by the bank, nor the assessment made by Albright comply with the requirements of the statutes. From the assessment made by Albright the bank appealed to the county commissioners, and then to the Territorial Board of Equalization, but secured no relief.

When the taxes for 1903 became due, the bank paid the same on the basis of the return it had made, and the treasurer of Bernalillo county received the same on account, but without waiving his right to collect the full amount claimed to be due.

In June, 1904, the appellant, Clancy, as district attorney, commenced suit in the district court against the bank to collect the taxes claimed to be due on the Albright assessment, above the sum already paid by the bank, and also a penalty of five per cent.

To the complaint in this suit the bank demurred and the district attorney confessed the demurrer, and the suit was dismissed.

The bank then filed a complaint and asked for an injunction to prevent any further or additional assessment of its property or shares of stock for the year, 1903, and also that the change in the assessment made by Albright

be declared illegal and void, and that the treasurer and ex-officio collector be directed to cancel the same upon his books, by order of the court.

To the complaint a demurrer was filed, argued and overruled, and the defendants declining to plead further, the court decreed that the balance claimed to be due on account of the Albright assessment was illegal and void, and the defendant Hubbell was directed to cancel the same upon his books and the defendants Albright and Hubbell were enjoined from re-assessing or making additional assessments on any property of the bank or its shares of stock for the year 1903.

From this judgment and decree defendants appealed.

## OPINION OF THE COURT.

MILLS, C. J.—This action was brought on the equity side of the court, and as a result of the decree entered by the trial court, the assessor and collector of Bernalillo county was restrained from re-assessing or making additional assessments on any of the property of the First National Bank, or any of its shares of stock for the year 1903.

An examination of the complaint shows that both the return made by the bank and the assessment made by the Assessor Albright, are incorrect and do not comply with the requirements of the statutes of this Territory; the return made by the bank returns the shares of stock *in solido,* and not to the several owners, as required by Sec. 257, Compiled Laws of 1897; nor is the actual cash value of said stock set out, as is also required by said Sec. 257; each parcel of real estate is not listed and valued separately, but the whole, including the stock and surplus of the bank, is valued in bulk. The assessment sought to be made by the Assessor Albright, also assesses the stock *in solido,* and does not attempt to set any actual cash value on such stock.

It appears from the complaint that the capital stock of the bank, at the time Albright attempted to make his assessment was $200,000, and its surplus in March, 1903. was $24,634. The total of the return made by the bank, and which included capital, surplus and real estate was

$90,000, while the assessment as made by the assessor, acting under the directions of the board of county commissioners was $150,542.00.

The principal points in this case are that assessments made in Bernalillo county are not uniform and that property other than banks is only assessed at one-third of its real value, and that thus a discrimination is made against banks, which are assessed according to a ruling of the Territorial Board of Equalization at the rate of 60% of the par value of its capital stock and surplus, and that if shareholders of banks are taxed at the rate of 60% of the par value of their stock and surplus, that there must be deducted from the amount so found due, the value of the real estate owned by the bank.

That the Territorial Board of Equalization has the power to fix the valuation of 60% as that at which the capital stock and surplus of banks shall be assessed, has been expressly decided, by this court in the case of the Territory of New Mexico, v. First National Bank of Albuquerque, 10 N. M. 283, and we see no reason to make any change in or recede from the position taken by this court in deciding that case. It may be possible that in some, and perhaps many cases in the Territory, real estate is assessed at a lower rate than 60% of its actual value, and we also know from experience and observation that in many cases personal property which is represented by cash, stocks, bonds, and other forms of indebtedness, is not listed by their owners and escapes taxation altogether, but this would be no reason to say that, because this class of property was not taxed that bank stocks and real estate should also be exempted from taxation. Assessors, like other human beings, are liable to err. The mere fact that one class of property is assessed at a higher percentage of its value than other classes does not vitiate an assessment. As has been well said, "to make the valuation of one class of property depend upon the extent of the valuation by assessors of the duty required of them by law in respect to another description of taxable property, would be a recognition and sanction of such violation of duty, which we would not impute

Bank v. Albright.

to the legislature unless declared in the most unequivocal terms." People v. Supervisors, 60 N. Y. 385.

Congress has given states and territories the authority to tax national banks. The permission is given in Sec. 5219, of the revised statutes of the United States. which reads as follows: "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by the authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject to two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital i1 the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property is taxed."

Although the word "*State*" is used in this act, it is held that the same power to tax national banks exists in the territories as in the states, Talbott v. Silver Bow, County, 139 U. S. 446.

The taxing power cannot go outside of this act of Congress and tax national banking associations otherwise than as therein provided.

There is nothing in the complaint to show that the proposed action of the defendants conflicts with this act of Congress. The complaint does not allege that the assessment would be at a greater percentage than is assessed upon moneyed capital in the territory. Such capital, no matter in what invested, is treated uniformly and equally by the Territorial Board of Equalization. There is no restriction in the act of Congress saying that the capital of a bank shall be assessed at the same percentage of value as real estate, as said by the Supreme Court of the United States, in speaking of Sec. 5219, Revised Statutes of the

United States: "The restriction therein imposed is equality of assessment, with other moneyed capital; not with other property generally, but that property which passes under the description of moneyed capital. The significance of this expression has been defined by this court in the case of Mercantile Bank v. New York, 121 U. S., cited in Palmer v. McMahon, 133 U. S. 660, 667 as follows: 2. The term "Moneyed capital," as used in Revised Statutes Sec. 5219, respecting state taxation of shares of National Banks, embraces capital employed in national banks, and capital employed by individuals when the object of their business is the making of profit by the use of their moneyed capital as money, as in banking, as that business is defined in the opinion of the court." Talbott v. Silver Bow County, 132 U. S. 338.

Let us suppose that the bank in question in order to protect itself had to take real estate outside of the Territory,—perhaps in Arizona. If such was the case, there can be no doubt but that the authorities of Arizona would tax such real estate, and when the assessor of the county in this territory where the bank is situated, came to assess the stock of the shareholders of such bank could the bank reply, "Our shareholders owe you nothing, we have deducted from the assessed value of their stock the value of the real estate we own in Arizona, and there is nothing coming to you?" Assuredly not. It would be absurd to make such a contention.

A bank is different from the stock held by its shareholders. The shareholders can be taxed upon their stock according to the laws prescribed by the sovereign, and the bank itself can be taxed upon the real estate owned by it. This power is given by act of Congress. Sec. 5219, Revised Statutes of the United States.

The act of Congress above referred to clearly allows taxes to be levied upon the real estate belonging to national banking associations. The English language does not contain words which gives this right more plainly than those employed by the framers of the act; "nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property

is taxed." The Supreme Court of the United States says: "This section, then, of the Revised Statutes, is the measure of the power of a state to tax national banks, their property or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders and to an assessment of the real estate of the bank. Any state tax therefore which is in excess of and not in conformity to these requirements is void."

"So self-evident are these conclusions that the adjudicated cases justify the deduction that they have been accepted from the beginning as axiomatic and unquestioned." Owensboro National Bank v. Owensboro, 173 U. S. 664.

It must, however be borne in mind that the real estate of national banking associations must not be assessed at a higher percentage than other real estate of the same class and character situate in the county and municipality where the tax is sought to be levied.

Another question is, however, presented in this case other than those we have above discussed, and that is, should the demurrer interposed to the complaint by the defendants in the trial court have been overruled, and an injunction granted restraining the defendants, George F. Albright, as assessor, and Frank A. Hubbell, as collector, from re-assessing or making additional assessments on any of the property of the First National Bank of Albuquerque, or any of its shares of stock for the year 1903.

Assessors and collectors, under the laws of this territory have the right to make additional assessments. This power is given by Sections 4055 and 4056 of the Compiled Laws of 1897, and as the return made by the bank, as well as the assessment made by the assessor, were incorrect, and did not comply with the laws of the Territory, the assessor has the authority to make a new and correct assessment. Granted that he has this authority, then the injunction issued by the learned trial court, was improvidently issued, and should be vacated. Until the assessment is made and a tax levied thereon, no one is injured, and suit will not lie. It may be that the officer finds other

property, owned by the bank, which has not been returned for taxation, and if such is the case, it would be manifestly improper for any court to hold that the assessor could not assess the same, and enjoin him from so doing, as until the assessment is made no one can determine whether or not it is a proper one.

For reasons stated above, the cause is reversed, and remanded to the district court of Bernalillo county, with instructions to dismiss the complaint, and it is so ordered.

Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., W. H. Pope, A. J. concur.

Abbott, A. J., took no part in this decision.