## LACKS v. MITCHELL, Federal Prohibition Director.

(District Court, N. D. California, Second Division. December 29, 1921.)

No. 646.

1. **Intoxicating liquors ⬤⇒72—Local prohibition director only necessary party to proceeding to compel issuance of permit.**

Under National Prohibition Act, tit. 2, § 1, subd. 7, providing that any act authorized to be done by the Commissioner may be performed by any assistant, or any one designated by him for that purpose, the local prohibition director, who refused an application for a permit, is a proper party defendant and the only necessary party to a proceeding in equity under section 6 to review the decision.

2. **Intoxicating liquors ⬤⇒138—Cannot be withdrawn from bonded warehouse for beverage purposes.**

In view of the distinction made by the National Prohibition Act between liquor in bond and liquor out of bond held for private purposes, as manifested by title 2, § 3, of that act, providing that nothing therein shall prohibit the sale of warehouse receipts covering spirits in bonded warehouses, no liquors can be withdrawn for beverage purposes from a bonded warehouse, though an owner can remove his own liquor from a private warehouse for such purposes.

In Equity. Suit by Joseph M. Lacks against E. F. Mitchell, as Federal Prohibition Director, to review a decision of the Commissioner of Internal Revenue, refusing an application for a permit to withdraw intoxicating liquor from a government bonded warehouse for beverage purposes. Petition denied.

Ed. F. Jared, of San Francisco, Cal., for plaintiff.

John T. Williams, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

RUDKIN, District Judge. This is a proceeding in equity under section 6 of title 2 of the National Prohibition Act (41 Stat. 310) to review a decision of the Commissioner of Internal Revenue refusing an application for a permit to withdraw intoxicating liquor from a government bonded warehouse for beverage purposes.

Two questions are presented for decision: First, may such a proceeding be instituted against the local prohibition director in the district where the application is made and refused? And, second, may intoxicating liquor in a government bonded warehouse be withdrawn therefrom for beverage purposes where the liquor was owned by the applicant at the time the National Prohibition Act took effect and was held by him for his private use?

[1] The act is silent on the questions of venue and jurisdiction, but subdivision 7 of section 1 of title 2 provides as follows:

"Any act authorized to be done by the Commissioner may be performed by any assistant or agent designated by him for that purpose. Records required to be filed with the Commissioner may be filed with an Assistant Commissioner or other person designated by the Commissioner to receive such records."

In view of this provision, I am inclined to the opinion that the local prohibition director, who refused the application for a permit, is a proper party defendant, and the only necessary party. Any other construction of the act would compel litigants to resort to the District of Columbia, where the Commissioner of Internal Revenue resides, and I do not think that any such hardship was contemplated by Congress.

[2] A solution of the second question depends upon a construction of the National Prohibition Act and the decision of the Supreme Court in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. The question for decision in that case was thus stated by the court:

"May a warehousing corporation lawfully permit to be stored in its warehouse, after the effective date of the Volstead Act, liquors admitted to have been lawfully acquired before that date and which are so stored, solely and in good faith, for the purpose of preserving and protecting them until they shall be consumed by the owner and his family or bona fide guests?"

The question thus stated was answered in the affirmative. That case was decided more than a year ago, and soon thereafter the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, prescribed a regulation forbidding the withdrawal of intoxicating liquor in bond for beverage purposes. So far as I am advised, the validity of this regulation is now brought in question for the first time, and while the ruling of executive officers is not controlling upon the court, I think its validity has been very generally acquiesced in by the public. The act itself makes a plain distinction between liquor in bond and liquor out of bond held for private purposes. Thus section 3 of title 2 contains the following proviso:

"That nothing in this act shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses, and no special tax liability shall attach to the business of purchasing and selling such warehouse receipts."

I am convinced, therefore, that Congress never intended that intoxicating liquor should be withdrawn from bonded warehouses for beverage purposes after the effective date of the National Prohibition Act.

The petition is accordingly denied.