FITZHUGH v. MITCHELL, U. S. Prohibition Director, et al.

(District Court, N. D. California, Second Division. January 12, 1922.)

No. 651.

1. Intoxicating liquors ⬦⇒328—Equity will not aid purchaser of liquors unlawfully in getting possession of them.

Purchaser of liquors January 11, 1920, in violation of the War-Time Prohibition Act, who stored them in a bonded warehouse, cannot obtain aid of equity to get possession of them.

2. Intoxicating liquors ⬦⇒139—Possession of liquors purchased before Eighteenth Amendment, and not in one's dwelling, and not reported within 10 days under Volstead Act, unlawful.

Where liquor purchased in February, 1919, was not in one's dwelling at the time the Eighteenth Amendment went into effect, and the ownership was not reported to the Commissioner within 10 days thereafter, under Volstead Act, tit. 2, § 33, his possession thereafter was unlawful.

In Equity. Suit by William McPherson Fitzhugh against E. Forrest Mitchell, United States Prohibition Director, etc., and others. Decree for defendants.

Robbins, Elkins & Van Fleet, of San Francisco, Cal., for plaintiff.
John T. Williams, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal., for defendants.

DOOLING, District Judge. This is an action in equity to secure the transfer of 43 cases of whisky from the Sea Wall bonded warehouse to the home of plaintiff for his personal use and the personal use of his family and of bona fide guests entertained by him therein. The bill avers that on January 11, 1920, and before the Eighteenth Amendment to the Constitution went into effect, plaintiff became the owner of the whisky in question, which was then in storage in the warehouse, and became entitled to the possession thereof upon payment to the government of all duties and taxes thereon; that on the date mentioned plaintiff bought the liquor for the personal consumption of himself and family in his private dwelling, and that it was acquired by him and intended for his personal use, and that of his family and bona fide guests; that in September he made demand upon defendants for said liquor, and for permission to withdraw the same and move it to his dwelling, tendering all taxes and duties due thereon, and that such permission was refused.

In the case of Lacks v. Mitchell, 278 Fed. 393, recently decided by Judge Rudkin in this court, a similar question was presented, and the court held that liquor in a bonded warehouse could not be withdrawn for beverage purposes. In the case of Gnerich et al. v. Yellowley, 277 Fed. 632, recently decided by the Circuit Court of Appeals of this circuit, the court held that the Prohibition Commissioner was a necessary party to actions of this character. Passing over the points decided by these two cases, however, the present action must fail. If we take the averment of the bill of complaint to be true that plaintiff

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

purchased this liquor on January 11, 1920, the sale thereof was in violation of the War-time Prohibition Act, and a court of equity will not lend its assistance to him in his endeavor to obtain the fruit of such unlawful sale. If we disregard the averment of the complaint and accept the testimony of plaintiff that he purchased the liquor in February, 1919, then, as the liquor was not in his private dwelling at the time the Eighteenth Amendment to the Constitution went into effect, he was bound by the Volstead Act (41 Stat. 317, tit. 2, § 33), if the liquor was in his possession at that time, to report it to the Commissioner within 10 days thereafter. This was not done, and his possession of such liquor thereafter was without authority of law. If he did not have possession at that time, he could not thereafter lawfully acquire possession of it for beverage purposes. In either view he cannot now invoke the aid of equity, either to secure possession of the liquor, or its transfer for beverage purposes.

Plaintiff contends that this case comes within the decision in the case of Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. ——, 10 A. L. R. 1548. I do not so read that case. There it was admitted by the pleadings that plaintiff was in the exclusive possession and control of the liquors in question, and that he intended to report the same to the Commissioner as soon as the Volstead Act went into effect. The action was begun before the Volstead Act became effective, and was designed to protect the plaintiff thereafter in a possession which had theretofore been lawful. Such is not the present case.

A decree will be entered in favor of defendants.