LORENZO A. PARDO, Complainant,

*v.*

JOHN T. BARRETT, as Federal Prohibition Director, Dft.

San Juan, Equity, No. 1236.

Opinion filed February 2, 1924.

*Mr. A. R. de Jesus* for the complainant.

*Major Ira K. Wells,* United States District Attorney, for defendant.

ODLIN, Judge, delivered the following opinion:

On January 12, 1924, the undersigned judge rendered an order and opinion in this case, one paragraph of which reads as follows: "I therefore feel obliged to reverse myself and to direct the defendant, John T. Barrett, as Federal prohibition director of Porto Rico, to issue to Lorenzo A. Pardo, the com-

plainant, the permit which the latter has requested and which so far has been denied him." [ante, 230.]

The attention of the court has been called by counsel for Pardo to the failure on the part of the defendant John T. Barrett to perform any act whatever in connection with this proceeding. After argument by counsel for Mr. John T. Barrett, the Federal prohibition director, in which my attention is called to the fact that the permit is not issued by the Federal prohibition director, but that it is issued by the Federal Prohibition Commissioner at Washington, the question arose as to whether or not this bill was defective by reason of the fact that the Federal Prohibition Commissioner at Washington is not a party to this proceeding.

I have carefully read the decision of District Judge Rudkin, sitting in the northern district of California, rendered December 29, 1921, in the case of Lacks v. Mitchell, as Federal Prohibition Director, which opinion is reported in 278 Fed. 393. This was a proceeding in equity brought against the Federal prohibition director alone to review a decision of the Commissioner of Internal Revenue at Washington, which decision refused an application for a permit to withdraw intoxicating liquor from a government bonded warehouse for beverage purposes. The petition was denied because Judge Rudkin held that the National Prohibition Act limited such withdrawal for beverage purposes to private warehouses; but in connection with this case the point was also raised that the bill was defective because brought against the Federal prohibition director only. Judge Rudkin in his opinion distinctly says that the Prohibition Act is silent on the question of venue and jurisdiction, and then he quotes subdivision 7 of § 1 of title 2,

which provides that any act authorized to be done by the Commissioner may be performed by any assistant or agent designated by him for that purpose. Judge Rudkin construes this provision as meaning that the local prohibition director in a proceeding of this nature is a proper party defendant and is the only necessary party defendant, and then he goes on to say that any other construction of the Act would compel litigants to resort to the District of Columbia, where the Commissioner of Internal Revenue resides, and the judge says he thinks that no such hardship was contemplated by Congress.

Then there is a decision rendered by Mr. Circuit Judge Anderson of the first circuit, sitting in the district court of Massachusetts in the case of O'Sullivan v. Potter as Federal Prohibition Director, the opinion rendered about a year ago and reported in 290 Fed. 844. This was a proceeding in equity to review an order which revoked a drug store permit held by O'Sullivan. Judge Anderson decided that this permit had been properly revoked, because the proof was clear that the plaintiff had made a sale of synthetic gin to the husband of one of the witnesses. It is also to be observed that this was not a proceeding in equity to require the issuance of a permit, but it was an equity proceeding seeking to revoke the cancellation of a permit.

The interesting feature of this case, however, is that the government contended, that, inasmuch as the prohibition director of Massachusetts, Mr. Potter, had no authority to revoke the permit, and did not in fact revoke it, but this revocation took place in the city of Washington; that the Commissioner of Internal Revenue and the Prohibition Commissioner, both in Washington, were necessary parties, and therefore there was a

236

motion made to dismiss the bill on that ground. Judge Anderson, however, disregards this point distinctly. And he also quotes title 2, § 1, ¶ 7, of the Prohibition Act, exactly as Judge Rudkin quoted it, as giving specific authority to the Commissioner to delegate power to any assistant or any agent. Judge Anderson goes on to say that Congress obviously contemplated the delegation of such power to local officials. And then I quote as follows: "It cannot be assumed that Congress intended parties aggrieved by such administrative rulings to be remitted to Washington for a remedy, or that the heads of departments in Washington should or could be required to appear in all the district courts of the United States as necessary parties in such reviewing proceedings. No method is provided for bringing the Washington officials within the jurisdiction of this court. To sustain this contention would leave the plaintiff practically remediless. The motion must be denied."

It seems to me that the true construction of the act must be as stated by Judge Rudkin and Judge Anderson. In spite of that fact, however, I find the language of one paragraph of my order of January 12, 1924, unfortunately framed. Instead of directing the defendant, John T. Barrett as Federal prohibition director of Porto Rico, to issue to the complainant Pardo the permit which the latter requested, I should have stated that the defendant was directed to approve the issuance to said complainant of such permit, within five days from this date.

And therefore I now modify my previous order and opinion of January 12, 1924, so that the same will read as above set forth.

To this modified order and opinion the defendant John T. Barrett, as Federal prohibition director of Porto Rico, excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 2d day of February, 1924.