POLLOCK v. BLAIR, Commissioner of Internal Revenue.

(Court of Appeals of District of Columbia. Submitted October 2, 1923. Decided May 5, 1924.)

No. 3958.

Intoxicating liquors ⟨⟩138—Owner held not entitled to remove liquor from free warehouse to his home.

Owner *held* not entitled to remove 90 barrels of intoxicating liquor from a free warehouse to his home for use of himself, his family, and bona fide guests.

Appeal from the Supreme Court of the District of Columbia.

Petition for a writ of mandamus by Daniel Pollock to compel David H. Blair, Commissioner of Internal Revenue, to issue a permit for removal of whisky. From a judgment dismissing the petition, petitioner appeals. Affirmed.

W. H. Lamar, of Washington, D. C., and William L. Marbury, of Baltimore, Md., for appellant.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BAILEY, Justice of the Supreme Court of the District of Columbia.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, dismissing appellant's petition for a writ of mandamus to compel the Commissioner of Internal Revenue to issue to him a permit for the removal of 90 barrels of whisky from a free warehouse of the Hannis Distillery Company at Baltimore, Md., to appellant's residence in New York City.

This whisky was first placed in a United States bonded warehouse on the premises of the Hannis Distillery Company in about 1904, and so remained until 1912, when the internal revenue tax was paid by

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the then owners, licensed wholesale liquor dealers of Philadelphia, Pa. At that time the whisky was transferred to a free warehouse of the distillery company, where it since has remained in private storage under the supervision of the superintendent of the distillery company, which issued its several receipts or certificates therefor, by the terms of which the distillery company agreed to deliver the whisky called for upon payment of storage and other charges and surrender of the certificates.

On December 18, 1919, appellant purchased certificates or warehouse receipts covering the whisky here involved, and he avers that the purchase was "for use as a beverage in his home for himself, his family, and his bona fide guests therein, and to be so used only after the Wartime Prohibition Law should expire by limitation." He further avers that he is a young man, "and that, in view of his age and condition in life, he anticipates the consumption of all of the said whisky in his home during his natural lifetime and in a perfectly legal manner."

The case was disposed of on the petition, answer, and demurrer to the answer; appellant electing to stand upon his demurrer.

In our view, this case is ruled by Corneli v. Moore, 257 U. S. 491, 42 Sup. Ct. 176, 66 L. Ed. 332. In that case the liquors were stored in a bonded warehouse, while here they were stored in a free warehouse; but in each case delivery and transportation were prerequisites to actual possession. In Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, Street was the lessee of a room in a warehouse in which liquors were stored. The court ruled that this "storage room was obviously the use of a convenience very commonly employed and contributing to his dwelling." In other words, under the facts in that case, the court was able to say that Street had actual possession of the liquors involved. The language of the court in Grogan v. Walker & Sons, 259 U. S. 80, 90, 42 Sup. Ct. 423, 424 (66 L. Ed. 836, 22 A. L. R. 1116,) is apposite here:

"Street v. Lincoln Safe Deposit Co., 254 U. S. 88, was decided on the ground that the liquors were in the strictest sense in the possession of the owner (254 U. S. 92, 93—see Union Trust Co. v. Wilson, 198 U. S. 530, 537), and that to move them from the warehouse to the dwelling was no more transportation in the sense of the statute than to take them from the cellar to the dining room; whereas in Corneli v. Moore, 257 U. S. 491, they were not in the owner's possession and required delivery and transportation to become so."

The judgment must be and is affirmed, with costs.
Affirmed.