## McNALLY v. JACKSON, Director of Prohibition.

(District Court, E. D. Louisiana, New Orleans Division. July 9, 1925.)

### No. 17950.

**1. Courts ⬅⬆280—If lack of jurisdiction appears, federal court must dismiss suit on its own motion.**

If lack of jurisdiction appears, federal court must dismiss suit on its own motion.

**2. Courts ⬅⬆255—Jurisdiction of federal court is limited to jurisdiction specifically conferred.**

Jurisdiction of federal court is limited to those specific actions and suits over which, by special statute, jurisdiction is specifically conferred.

**3. Courts ⬅⬆296—That suit against federal officer arises under United States laws' held itself insufficient to confer jurisdiction on United States District Court.**

That suit against federal officer arises under United States laws *held* itself insufficient to confer jurisdiction on United States District Court.

**4. Courts ⬅⬆326—United States District Court held without jurisdiction of suit against federal officer to restrain seizure of intoxicating liquor, where jurisdictional amount was not involved.**

United States District Court *held* without jurisdiction, under Judicial Code, § 24, pars. 1, 5, 9 (Comp. St. § 991), of suit against federal officer (Director of Prohibition), to enjoin latter from threatening to seize or confiscate intoxicating liquor placed and stored in warehouse by complainant, where the matter in controversy did not exceed jurisdictional amount, and no forfeiture proceeding within paragraph 9 was pending; complainant's remedy being original suit in state court.

**5. Intoxicating liquors ⬅⬆138—Owner held not entitled to remove to his home liquor stored in warehouse in usual way.**

Owner *held* not entitled to remove to his home liquor stored in warehouse in usual way, without any lease of any special room in the warehouse giving him exclusive possession and control of the liquor.

In Equity. Bill by U. S. McNally against O. D. Jackson, as Director of Prohibition. Decree of dismissal advised.

C. S. Hebert, of New Orleans, La., for complainant.

L. H. Burns, U. S. Atty., of New Orleans, La., and William A. Green, Asst. U. S. Atty., for respondent.

BEATTIE, District Judge. In this suit in equity plaintiff prays for an injunction against the defendant, enjoining the latter from threatening or attempting to seize and confiscate certain intoxicating liquors al-

leged to belong to plaintiff, and to have been bought by him and stored by him in the Douglas Public Service Corporation, Inc., warehouse prior to the effective date of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Plaintiff alleges that the liquors are of a value of $400.

[1, 2] I do not see any basis for the jurisdiction of this court. Though there has been no plea or exception to the jurisdiction, it is the duty of this court, if a lack of jurisdiction appears, to dismiss the suit on its own motion. This court is of limited jurisdiction. The jurisdiction of all federal courts is limited to those specific actions and suits over which, by special statute, jurisdiction is specifically conferred.

[3, 4] A suit, such as this, against a federal officer, relative to his duties as such, arises under the laws of the United States, but this alone is not sufficient to confer jurisdiction on this court. In order that this court may have jurisdiction of a suit arising under the laws of the United States, the matter in controversy must exceed, exclusive of interest and costs, $3,000. This proposition is so elementary that citation of authorities in support thereof is unnecessary. To sustain jurisdiction, therefore, some other statute or some other paragraph of section 24 of the Judicial Code (Comp. St. § 991) must be found.

Plaintiff suggests that paragraph 1 of section 24, conferring jurisdiction on this court in all suits brought by the United States, or any officer thereof authorized by law to sue, also confers jurisdiction in suits brought against such an officer as well as by such an officer, though the statute says only by the United States and by any officer thereof. The authorities cited by the plaintiff do not support this proposition. On the contrary, they show that, in order for this court to have jurisdiction merely because the suit is brought against a federal officer, and therefore arises under the laws of the United States, the amount involved must be the jurisdictional amount, which has varied from time to time; being at one time $500, later $2,000, and now $3,000.

In Feibelman v. Packard, 109 U. S. 421, 423, 3 S. Ct. 289, 290 (27 L. Ed. 984), cited by plaintiff, the court said: "The ground of the removal was that the suit, being one of a civil nature at law, in which the matter in dispute, exclusive of costs, exceeded $500 in value, arose under the Constitution and laws of the United States." The suit just

cited was a suit against the United States marshal.

In Bachrack v. Norton, 132 U. S. 337, 10 S. Ct. 106, 33 L. Ed. 377, also cited by· the plaintiff, the jurisdiction is maintained on the authority. of Feibelman v. Packard, supra, because it was "a case arising under ·the laws of the United States, and is therefore within the jurisdiction of the Circuit Court, without any averment of citizenship of the parties." This was also a suit against the United States marshal. Though the amount involved is not stated, it is clear that it must have been over the jurisdictional·amount, since there is no other basis of jurisdiction, and in support thereof the Feibelman v. Packard Case, supra, is cited.

The only thing decided in U. S. v. Sayward, 160 U. S. 493, 16 S. Ct. 371, 40 L. Ed. 508, is that, where the United States are plaintiffs, the value of the matter involved is immaterial.

In Sonnentheil v. Moerlein Brewing Co., 172 U. S. 401, 19 S. Ct. 233, 43 L. Ed. 492, the court again sustained the jurisdiction because it was a suit against a marshal of the United States for acts done in his official capacity, and therefore was a suit arising under the laws of the United States. The amount involved is not stated, but necessarily must have been over the jurisdictional amount, since, on page 401 (19 S. Ct. 233), the jurisdiction is maintained on the authority of Feibelman v. Packard and Bachrack v. Norton, supra, in the former of which particularly the jurisdictional amount was shown to exist.

In U. S. v. Sayward, 160 U. S. 493, at page 497, 16 S. Ct. 371, 373 (40 L. Ed. 508), the court said, referring to the act of 1887 as corrected in 1888 (Comp. St. § 991): "It is clear that a Circuit Court cannot, under that statute, take original cognizance of a case arising under the Constitution or laws of the United States * * * unless the sum in dispute, exclusive of interest and costs, exceeds $2,000."

Judge Rose, in his book entitled, Rose on Federal Jurisdiction and Procedure, § 200, says that, even though a suit be of a civil nature and the amount in controversy ex-.ceeds $3,000, yet the law does not give District Courts jurisdiction over it unless it "(a) arises under the Constitution, treaties, or laws of the United States, or (b) is between parties of diverse citizenship."

In section 201, Judge Rose says: "The paragraph provides that the District Court shall have original jurisdiction * * *

when the matter in controversy exceeds * * * $3,000, and arises under the Constitution or laws of the United States."

In section 225, Judge Rose says: "We have seen that a suit of a civil nature at law or in equity, in which upwards of $3,000 is in controversy may be brought in a District Court of the United States, no matter what may be the nationality or citizenship of any of the parties, provided it arises under the Constitution, the laws, or the treaties of· the United States."

In section 211, Judge Rose says that, when a United States officer is sued for something which he did under cover of his official duties, the case· is one which arises under the laws of the United States.

From the above it is clear that both conditions must exist in order to give the federal court jurisdiction; that is, that the controversy must arise under the Constitution or laws of the United States, and must concern a matter exceeding $3,000 in value. Such is the exact language of the statute.

Besides the above cases, plaintiff also cites Accardo v. Fontenot (D. C.) 269 F. 447, and Fontenot v. Accardo (C. C. A.) 278 F. 871.

In the former of these cases Judge Foster said: "The court has jurisdiction of all suits arising under the revenue laws, regardless of amount. Judicial Code, § 24, par. 5 (Comp. St. § 991 [5]); Downes v. Bidwell, 182 U. S. 244, 21 S. Ct. 770, 45 L. Ed. 1088." This case is no authority supporting the jurisdiction in the case at bar, because the case at bar does 'not arise under the revenue statutes, as the cited case did.

In Fontenot v. Accardo, supra, the Court of Appeals did not touch on the question of jurisdiction of the court as a federal court, but accepted Judge Foster's ·ruling above mentioned, which was based upon the ground that it arose under the revenue laws, and jurisdiction was specifically granted without regard to amount by paragraph 5, § 24, of the Judicial Code.

The plaintiff suggests that this court's jurisdiction may be maintained under paragraph 9 of section 24. By this paragraph 9 the District Court is given jurisdiction "of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States."

At this time the liquor in question is in storage in a warehouse, where it was placed by the plaintiff himself, and there are no "suits and proceedings for the enforcement"

of any penalties or forfeitures of this liquor.

When such a suit or proceeding as is mentioned in paragraph 9 is instituted, this court will have jurisdiction thereof, and the plaintiff in this case, against whom or whose property these proceedings will likely be brought, can make the necessary defenses against the proposed forfeiture. Until then, paragraph 9 is not applicable, and I find no other paragraph giving this court jurisdiction, and hence conclude that it has no jurisdiction. Such remedy as the plaintiff may have to himself institute a suit must be originally in the state court, where the defendant would, like any other person, be liable for his illegal acts.

It is not at all uncommon for one who has paid in taxes more than he thinks is due to sue personally, either the collector of internal revenue or the collector of customs for the amount claimed. Such suits are frequently brought in the state courts. Jurisdiction of such suits in the state courts is recognized by the federal courts and by the federal statutes, since the law (Jud. Code, § 33 [Comp. St. § 1015]) provides for the removal of such suits from the state courts into the federal courts. This right of removal is only applicable to suits commenced in the state courts against the officers therein specially mentioned. But, because the federal lawmakers have not seen fit to give, in all cases, a right of removal, is no argument against the state courts having jurisdiction. They have jurisdiction because there is no law giving jurisdiction over such suits to the federal courts. The right of removal is a separate right, which has been provided in some cases but not in all.

De Lima v. Bidwell, 182 U. S. 1, 21 S. Ct. 743, 45 L. Ed. 1041, is an example of the many cases wherein individuals have sued, in the state courts, collectors for taxes illegally collected, on the theory of money had and received illegally by the defendant personally, and wherein later, under Revised Statutes, 643, now Jud. Code, § 33, the suits have been removed from the state courts to the federal courts.

This right of removal is given only to the defendant, and in cases where otherwise there is no jurisdiction in the federal court (where, for instance, the amount, as in this case, is not sufficient) a suit of this kind must be instituted in the state court. It is not included within either paragraph 5 of section 24, covering cases arising under the internal revenue or custom laws, or paragraph 9 of section 24, referring to suits and proceedings for the enforcement of penalties and forfeitures.

[5] While, therefore, it is my opinion that this court is without jurisdiction, yet, if it had jurisdiction, the plaintiff is not entitled, in my opinion, to the decree prayed for.

Plaintiff relies upon Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, and, while the allegations of his petition may bring the case within that decision, the facts as proven do not. The decision in that case has by a later decision of the Supreme Court been almost overruled, though not overruled in terms. At any rate, the doctrine has been so limited that it does not cover the case at bar.

That case was decided upon a motion to dismiss, by which the court held that certain facts upon which the decision was specially based were admitted. One of these facts particularly is that Street was "the lessee of a room in the warehouse of the defendant deposit company, in which he had stored wines and liquors lawfully acquired by him, which 'are in his exclusive possession and control.'"

In the case at bar the evidence does not show the above conditions to exist. On the contrary, it simply shows that the liquors are stored in the usual and regular way in a certain warehouse in New Orleans. There is no evidence to show any lease of any special room in the warehouse, or that the liquors are in the plaintiff's "exclusive possession and control." He has no more exclusive possession and control of these liquors than any other patron of a warehouse has of his property there stored.

That the decision of the Supreme Court in the Street Case is based particularly upon the above facts is shown on page 92 (41 S. Ct. 33) where it is said: "By the admissions the appellant is lessee of the room in which the liquors are stored and he 'is in the exclusive possession and control of them.' Thereby the relation of the warehouse company to the liquors is restricted to the public function of furnishing such police, fire, and other protection to its buildings and their contents as the law or its lease requires on the part of such company and to allowing the plaintiff to have access to his property in order that he may remove it for an admittedly lawful purpose. The company could not sell, give away, or otherwise transfer the liquors to any one other

than in this limited way to the plaintiff owner."

In this Street Case, judging from the dissenting opinion of Mr. Justice McReynolds in Corneli v. Moore, 257 U. S. 491, 42 S. Ct. 176, 66 L. Ed. 332, the value of the liquors was more than $3,000. Thus jurisdiction was acquired by the federal court in that case. In said dissenting opinion, Justice McReynolds said that the Street Case either should be adhered to or frankly overruled.

The opinion of the majority of the court in the Corneli Case differentiated it from the Street Case, and held that the liquor there referred to could not be released from the bonded warehouse upon the payment of the tax so that it might be transported to the dwelling of the owner for consumption by himself and family and guests. It is true that in the Corneli Case the liquor was in a bonded warehouse, and the tax on same had not been paid.

In these cases (all referred to under one title—Corneli v. Moore) the jurisdictional question was not called to the attention of the courts, and no reason is assigned for the federal courts having jurisdiction. The question of jurisdiction may have been overlooked, or the jurisdictional amount may have been involved, or it is possible, though not probable, in view of the fact that it was not stated, that the suits were originally brought in the state courts, and thereafter removed to the federal courts, as the defendants were revenue officers, or since the question of the payment of the tax was involved, jurisdiction may have existed originally in the federal courts under paragraph 5 of section 24 of the Judicial Code.

Referring to Street v. Lincoln Safe Deposit Co., supra, cited in support of the demands, the court said, in Corneli v. Moore (page 497 [42 S. Ct. 178]). "In that case, by motion to dismiss, it was admitted that Street was the lessee of a room in the deposit company's warehouse, in which he had stored liquors, acquired prior to the effective date of the National Prohibition Act, which liquors were 'in his exclusive possession and control, and are intended, and will be used only for personal consumption by himself and the members of his family or his bona fide guests.' The storage room was obviously the use of a convenience very commonly employed and contributory to his dwelling, and therefore, for the reasons stated in that opinion, it was concluded that the National Prohibition Act did not render unlawful the storage of liquors there

involved or their transportation, under proper permit, to the dwelling of the owner for lawful uses. And this difference in the facts in the case from those in the cases at bar removes it as a precedent. There is no analogy in Street's relation to the room in the deposit company's warehouse and appellants' relation to bonded warehouses. They had neither control, access to nor possession of the spirits they purchased. Mere ownership was not the equivalent. Under section 33 there must be ownership, and possession in one's private dwelling, and that character cannot be assigned to the bonded warehouses of the government."

While there is a distinction between such bonded warehouses as are referred to in the Corneli Case and the warehouses in the Street Case and in the case at bar, yet I think this distinction is not the one upon which the court particularly differentiated the Corneli Case from the Street Case. The differentiation seems to be based particularly upon the fact that in the Street Case Street was admitted to be the lessee of a room in the warehouse, and the liquors were admitted to be "in his exclusive possession and control."

See, also, Lacks v. Mitchell, Federal Prohibition Director (D. C.) 278 F. 393, Fitzhugh v. Mitchell, Prohibition Director (D. C.) 277 F. 966, and Pollock v. Blair, 54 App. D. C. 365, 298 F. 687. In none of these cases was the jurisdiction of the federal court, as such, raised and determined, and I do not think that they can be held as authority for the jurisdiction of the federal courts, in the absence of any statute specifically granting jurisdiction, in matters other than those arising under the laws of the United States, and wherein, at the same time, the jurisdictional amount is involved. It may be that in these cases the jurisdictional amount was involved. The quantity of liquor is not mentioned in the case of Lacks v. Mitchell. In the case of Fitzhugh v. Mitchell, the quantity is stated to be 43 cases of whisky, which were probably held to be of the jurisdictional amount. In the case of Pollock v. Blair, the quantity of liquor was stated to be 90 barrels of whisky, which were probably of a value more than sufficient to confer jurisdiction of a case arising under the laws of the United States.

On the merits, it will be found that in the cases of Lacks v. Mitchell and of Fitzhugh v. Mitchell, the liquor was stored in bonded warehouses, on which the tax had not been paid, and to this extent, therefore, these cases are similar to the case of Cor-

neli v. Moore, supra. In both of these cases the Street Case was referred to and held not to be applicable, and the court refused to permit the withdrawal of the liquor.

But in the case of Pollock v. Blair, supra, wherein the appeal was from the Supreme Court of the District of Columbia, the liquor stood in the same status as the liquor in the case at bar, for in that case, as in the case at bar, the taxes had already been paid, and the liquor had been withdrawn from bond. In the case of Pollock v. Blair, the court said: "This whisky was first placed in a United States bonded warehouse on the premises of the Hannis Distillery Company in about 1904, and so remained until 1912, when the internal revenue tax was paid by the then owners, licensed wholesale liquor dealers of Philadelphia, Pa. At that time the whisky was transferred to a free warehouse of the distillery company, where it since has remained in private storage under the supervision of the superintendent of the distillery company, which issued its several receipts or certificates therefor, by the terms of which the distillery company agreed to deliver the whisky called for upon payment of storage and other charges and surrender of the certificates."

In this Pollock v. Blair Case the appellant alleged that the purchase made in 1919 was for use as a beverage in his home for himself, his family, and his bona fide guests therein, and to be used only after the wartime prohibition law should expire by limitation.

On page 688 the court further said: "In our view, this case is ruled by Corneli v. Moore, 257 U. S. 491, 42 S. Ct. 176, 66 L. Ed. 332. In that case the liquors were stored in a bonded warehouse, while here they were stored in a free warehouse; but in each case delivery and transportation were prerequisites to actual possession. In Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, Street was the lessee of a room in a warehouse in which liquors were stored. The court ruled that this 'storage room was obviously the use of a convenience very commonly employed and contributing to his dwelling.' In other words, under the facts in that case, the court was able to say that Street had actual possession of the liquors involved. The language of the court in Grogan v. Walker & Sons, 259 U. S. 80, 90, 42 S. Ct. 423, 424 (66 L. Ed. 836, 22 A. L. R. 1116), is apposite here: 'Street v. Lincoln Safe Deposit Co., 254 U. S. 88 [41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548], was decided on the ground that the liquors were in the strictest sense in the possession of the owner, * * * and that to move them from the warehouse to the dwelling was no more transportation in the sense of the statute than to take them from the cellar to the dining room; whereas in Corneli v. Moore, 257 U. S. 491 [42 S. Ct. 176, 66 L. Ed. 332], they were not in the owner's possession and required delivery and transportation to become so.'" In the case at bar, the liquors are in the same situation or status as in Pollock v. Blair.

In the case at bar there is some question about the location of the plaintiff's dwelling, even if he were permitted, as prayed for, to remove the liquors from the warehouse to his dwelling. On this subject the plaintiff testified as follows:

"Q. Where is your home, Mr. McNally? A. In Houston, Tex.

"Q. And where do you want to move this whisky to? A. To New Orleans, in the city here.

"Q. You haven't got a home here in the city? A. Yes, sir.

"Q. You stated your home was in Houston? A. Yes, sir.

"Q. You have two homes then? A. Yes sir; three or four. I travel quite a bit, and I am here, in and out, quite often.

"Q. Which is your principal place of residence? A. Houston, Tex.

"Q. Your family lives over there? A. Yes, sir.

"Q. What sort of a home is it you maintain over here? Be a little more explicit. A. I have a good large room.

"Q. You stop at a rooming place? A. Private home.

"Q. You have a room there? A. Yes, sir.

"Q. Don't you consider yourself a transient in New Orleans? A. You can call it that if you will.

*    *    *    *    *

"Q. Where are you rooming? A. 2036 Camp street.

"Q. How long have you been stopping there? A. Off and on several months."

In view of the conclusion reached, it is unnecessary to pass upon the question raised by the district attorney as to the effect of the plaintiff's failure to make a report to the government authorities at the proper time of his ownership and possession in the warehouse of this liquor.

For the reasons above assigned, I think the plaintiff's bill must be dismissed, both

because, in my opinion, the court is without jurisdiction, and, if it be held to have jurisdiction, then on the merits the plaintiff is not entitled to the relief asked for.

A decree will therefore be prepared for signature in accordance with the views herein expressed.